# Prudential Ins. Co. of America v. Fuqua's Adm'r.

November 28, 1950.

Holland G. Bryan, Judge.

Wheeler & Marshall for appellant.

Earle T. Shoup, W. Pelham McMurry for appellee.

VAN SANT, COMMISSIONER—Affirming.

The case was submitted to the Chancellor of the McCracken Circuit Court on the law and facts. Since the evidence supports his finding of facts, we will adopt his statement of the case.

"On or about June 4, 1930, Mrs. Christine Fuqua, wife of the plaintiff, R. E. Fuqua, and mother of the decedent, Billie Fuqua, signed and delivered to L. B. McGarvey, an agent of the defendant, an application for the issuance of a policy of insurance on the life of the said decedent. The said application contained the following questions and answers:

Question "11. Is life proposed now insured in this
 Company? If so state numbers, kinds
 and amounts of policies. If infantile, state
 kind and premiums.
Answer "Numbers Kind

69687848 C.E.
 (Premium) 25c"
Question "14. Is life proposed now insured in any
 other company? If so, for what amount?
 If infantile, state kind and premium.
Answer "None

"Although Mrs. Fuqua signed the application, she did not fill in the blanks on the application, that being done by the defendant's agent, the said McGarvey. She did not read the application after the blanks had been so filled in, and the said agent, at the time he filled in said blanks, did not ask Mrs. Fuqua any question relating to the existence of other insurance on the life of Billie Fuqua.

"At the time said application was signed by Mrs. Fuqua, two other policies of insurance were in force on the life of the said decedent, Billie Fuqua, to-wit:

"Policy No. 69 687 848 in the amount of $295.00 issued by the defendant, The Prudential Insurance Company of America, on February 28, 1927. Policy No. 4,709,067 in the amount of $1,000.00 issued by The American National Insurance Company on April 4, 1927.

"The said application was duly accepted by the defendant, and on June 9, 1930, it issued a policy of insurance on the life of the said Billie Fuqua, the same bearing number 82,472,507, and calling for the payment of the following amounts to the executors or administrators of the insured at the expiration of the periods specified.

| In Force | Amount payable at Death |
| --- | --- |
| Less than one year | $300.00 |
| One year | 370.00 |
| Two years | 440.00 |
| Three years | 500.00 |

"All premiums on said policy were paid as they

became due until the death of Billie Fuqua, which occurred on August 17, 1937, whereupon no further premiums became payable.

"After the death of Billie Fuqua, and after the appointment and qualification of the plaintiff as Administrator of his estate, as aforesaid, the plaintiff notified the defendant of such death and demanded payment of the proceeds of said policy, which notice and demand were timely given and made. The defendant refused to make such payment, declared the said policy void by reason of the existence of an excessive amount of insurance on the life of Billie Fuqua, and tendered the premiums previously paid, plus interest at the rate of three and one-half (3½) per cent per annum, in full settlement of its obligations under said policy. Plaintiff refused to accept such tender, and thereafter he instituted this suit to recover the sum of Five Hundred ($500.00) Dollars, plus interest at the rate of Six (6) per cent per annum from the date of the death of Billie Fuqua, August 17, 1937.

"The said policy issued by the defendant, number 82,472,507, contained the following provision:

" 'Maximum Amount of Insurance.—If the Insured be already insured under any policy or policies issued by this or any other company, and if the amount of insurance payable at the death of the Insured under such policy or policies be less than the limit of insurance fixed by the following table, but when added to the insurance payable under this Policy shall exceed the said limit, the amount payable under this Policy shall not exceed the difference between the amount specified in the said table of limitations and the total amount of insurance payable under such policy or policies already in force on the life of the Insured, but if the amount of insurance payable at the death of the Insured under such policy or policies already in force be equal to or shall exceed the said limit of insurance, this Policy shall be void, except as provided below:

| Limit of Insurance at Age Next Birthday at Time of Death | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| $100 | $200 | $300 | $400 | $500 | $600 | $700 | $800 | $900 | $1000 | $1100 | $1200 |

| 13 | 14 | Limit Between Ages 14 and 14½ |
|---|---|---|
| $1300 | $1400 | $1500 |

" 'Should the amount otherwise payable under this Policy be reduced as hereinbefore provided, the Company will return the total premiums paid upon the amount of such reduction, together with three and one-half per cent. per annum compound interest.'

"The said policy also contained the following provision:

" 'Policy When Void.—If at the time of the issuance of this Policy there be in force upon the life of the Insured hereunder an Industrial policy or policies issued by this Company, this Policy shall be void unless it contains an endorsement, signed by the President or Secretary, permitting this Policy to be in force concurrently with such other policy or policies previously issued; but it is expressly stipulated that the issuance of this Policy without such endorsement shall not be considered a waver of this provision should there be then in force any Industrial insurance policy or policies previously issued by this Company upon the life of the Insured hereunder.

" 'If for any cause this Policy be or become void, all premiums paid hereon shall be forfeited to the Company except as provided herein.'

"The following endorsement was stamped on the said policy:

" 'In conformity with the terms of the clause "Policy When Void," this policy is permitted to be in force.'

"The said policy also contained the following provision:

" 'Incontestability.—After this Policy shall have been in force, during the lifetime of the Insured, for one full year from its date, it shall be incontestable, except for nonpayment of premium, but if the age of the Insured be mis-stated, the amount payable under this Policy shall be such as the premium would have purchased at the correct age.'

"An agent of the defendant, L. L. Kimbrell, and defendant's Assistant District Manager, M. O. Jett, were informed of the existence of the American National Insurance Company policy on or about April 18, 1927.

"The American National Insurance Company policy and the policy written by the defendant under date of February 28, 1927, (No. 69 687 848) remained in force from the dates of their issuance until the death of the said Billie Fuqua, and the full proceeds thereof were paid to the plaintiff.

"Billie Fuqua was born January 30, 1927."

The Chancellor came to the conclusion that appellant knew that the limits prescribed in the policy sued on had been exceeded at the time it issued the policy, that its conduct in collecting the premiums for 7 years thereafter led the parents of the deceased to believe the policy was in full force and effect, and that, by reason of such conduct, appellant was estopped from relying on the clause providing for limited coverage. He was of the additional opinion that the defense relied on was barred by the incontestability clause, citing, Citizens' Life Insurance Company of Kentucky v. McClure, 138 Ky. 138, 129 S.W. 749, 27 L.R.A., N.S. 1026.

In view of our construction of the incontestability clause, it is unnecessary for us to discuss the soundness of the Chancellor's conclusion in respect to waiver and estoppel.

To avoid the clause in respect to incontestability, appellant argues that it is not seeking to void the policy or its liability thereunder; on the contrary, it admits liability, but is relying on the terms of the policy which fix the amount for which it is liable at the sum total of premiums paid plus interest thereon at the rate of $3\frac{1}{2}\%$ per centum compounded annually, and that the clause limiting liability is not one for the breach of which the policy may be voided; it is one of diminishing liability only. It therefore concludes that since the clause in respect to the existence of other insurance does not relate to the efficacy of the contract but to the benefits due, it is not affected by the incontestability clause. It may be noted that the clause limiting liability provides for diminishing benefits when the benefits of previously acquired insur-

ance added to the face amount of the policy do not exceed $1000, but it provides that the policy shall be void when the benefits of previously acquired insurance, standing alone as they do here, exceed $1000.

However this may be, we are of the opinion that the wording of the incontestability clause, when construed most strongly against the insurer who inserted it in the policy, renders the clause limiting or precluding liability because of other insurance unavailable after the expiration of one year from the issuance of the policy for the reasons hereinafter expressed.

Whatever the rule may be as to the general application of an incontestability clause to one providing for diminishing benefits because of the existence of other insurance, it cannot be doubted that the insurer legally may contract against its right to rely on the latter after the expiration of an agreed period of time. Ordinarily a provision for diminishing the amount of liability to conform to the correct age of the insured, being one for mere adjustment of benefits, is held not to be affected by an incontestability clause. Appleman's Insurance Law and Practice, Vol. 1, Section 334, page 395. Even in that event, it cannot be doubted that the insurer legally may contract against its right to rely on such a provision after the expiration of an agreed period of time. It follows that the insurer may waive its right to diminish the benefits in the one of such instances and preserve it in the other.

If it be sound to argue that the incontestability clause is inapplicable to the clause limiting liability on account of other insurance solely because the latter is merely a provision for adjustment of benefits, the same argument would hold (if the contract were silent) in respect to the one for diminishing benefits in accordance with the correct age of the insured. That argument then would lead us to the conclusion that, if it had been the intention of the parties that the incontestability clause should not affect either of the only two provisions which would entitle the insurer to diminish the benefits there would have been no reason for excluding from the applicability of the incontestability clause the insurer's right to diminish benefits in one of such instances— but it did.

The doctrine of Ejusdem Generis based on the

maxim expressio unius est exclusion alterius is: that, where general words are used, followed by a designation of particular things or subjects to be included or excluded as the case may be, the inclusion or exclusion will be presumed to be restricted to the particular thing or subject. Ballantine's Law Dictionary, 2nd Edition, Page 24. Literally translated, the phrase, expressio unius est exclusio alterius, means: the expression of one thing is the exclusion of another (of the same kind). Whilst the rule is more frequently applied to the construction of statutes and wills, it equally is applicable to other instruments of writing. E. H. Emery & Co. v. American Ins. Co. of Newark, N. J., 177 Iowa 4, 158 N. W. 748. Under this rule of construction, by reason of the insurer excluding from the incontestability clause the right to diminish the amount of benefits in the event the correct age of the insured should be greater than that upon which the premiums were based, we must presume that it was the intention of the parties not to exclude therefrom any other right the insurer might have to adjust the amount of benefits. Thus we are constrained to hold that in the policy in question the incontestability clause is applicable to any defense (not rendering it void ab initio) which is not specifically excluded in the language contained in the incontestability clause itself.

The judgment is affirmed.